UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:18-cr-0090-JMS-DML |
| | ) | |
| HENRY PHILLIPS, | ) | - 01 |
| | ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

On November 12, 2019, the Court held a hearing on the Petition for Warrant or Summons for Offender Under Supervision filed on October 16, 2019 and a supplemental petition filed on November 4, 2019. Defendant Phillips appeared in person with his appointed counsel Michael Donahoe. The government appeared by Peter Blackett, Assistant United States Attorney. U. S. Parole and Probation appeared by Officer Timothy Hardy.

The Court conducted the following procedures in accordance with Fed. R. Crim. P. 32.1(a)(1) and 18 U.S.C. § 3583:

1. The Court advised Defendant Phillips of his rights and provided him with a copy of the petition. Defendant Phillips orally waived his right to a preliminary hearing.

2. After being placed under oath, Defendant admitted violation(s). [Docket Nos. 96 and 101.]

3. The allegations to which Defendant admitted, as fully set forth in the petition, are:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **"You must refrain from any unlawful use of a controlled substance."** |

**"You shall not knowingly purchase, possess, distribute, administer, or otherwise use any psychoactive substances (e.g., synthetic marijuana, bath salts, Spice, glue, etc) that impairs a person's physical or mental functioning, whether or not intended for human consumption."**

As previously reported to the Court, on January 15, 2019, Henry Phillips submitted a urine specimen with the U.S. Probation Office which tested positive for synthetic marijuana. He admitted use of "Spice." On April 19, 2019, the offender tested positive for marijuana with the Marion County Probation Department. On on May 30, and June 6, 2019, he missed drug screens, and on June 7, 2019, he tested positive for cocaine with their department. On June 6, 2019, Mr. Phillips submitted a urine specimen with the U.S. Probation Office which tested positive for opiates, and he admitted using Percocet pills not prescribed to him. On July 16, 2019, Mr. Phillips submitted a urine specimen which tested positive for amphetamines and opiates, and he admitted ingesting Percocet. On July 29, 2019, Mr. Phillips submitted a urine specimen which tested positive for marijuana, cocaine, and opiates. He admitted ingesting Percocet and Vicodin, however, he did not disclose he used marijuana and cocaine. The drug test was confirmed positive for all three substances by Alere Laboratory on August 6, 2019.

On August 17, 2019, Mr. Phillips received a write-up at the residential reenty center (RRC) for a major program violation of possession of drugs. While conducting a routine security check, staff observed Mr. Phillips in the shower rolling a spice joint. According to the incident report, the staff member confiscated the substance from the offender. On September 13, 2019, Mr. Phillips submitted a urine specimen with the U.S. Probation Office which tested positive for opiates. The specimen was confirmed positive for morphine on October 8, 2019.

On September 23, 2019, a drug screen was collected from the offender by RRC staff for compliance purposes at the facility. On October 9, 2019, this officer was notified Mr. Phillips tested positive for opiates and synthetic marijuana. On October 3, 2019, a drug screen was collected from the offender by RRC staff, and on October 11, 2019, this officer was notified Mr. Phillips tested positive for cocaine and opiates.

| | |
|---|---|
| 2 | **"You shall reside in a residential reentry center for a term of up to 120 days. You shall abide by the rules and regulations of the facility."** |

On August 17, 2019, Mr. Phillips received a write-up for a major program violation of assault. While conducting a routine security check, staff observed Mr. Phillips in the toilet stall. Another resident was standing in front of the stall reaching over the door as if Mr. Phillips was handing him something. The staff member remarked to Mr. Phillips "we are not going through this smoking spice all day because I caught you twice today smoking spice." Mr. Phillips then came out the toilet stall and approached the staff member, who moved Mr. Phillips out of his space. Mr. Phillips then smacked the staff members arm threatening to "whoop your a**." Mr. Phillips also stated, "I don't give a fu** about this program, I'll beat your a**."

3     **"The defendant must pay the total criminal monetary penalties in accordance with the schedule of payment set forth in this judgment."**

The offender was ordered to pay a Special Assessment fee of $200.00. Since commencement of supervised release, the offender has made no payments toward his financial obligation.

4     **"You shall refrain from any unlawful use of a controlled substance."**

On October 30, 2019, Henry Phillips submitted a urine specimen which tested positive for marijuana and cocaine. Mr. Phillips admitted using illegal drugs upon submission of the drug screen. He reported using Percocet and various other pills, however, he did not mention using marijuana and/or cocaine.

5     **"You shall reside in a residential reentry center for a term of up to 120 days. You shall abide by the rules and regulations of the facility."**

On October 16, 2019, Mr. Phillips received a write-up due to his refusal to submit to a drug test on October 15, 2019. He stated to staff, "I should have been dropped when I came in it's over man." Mr. Phillips was instructed a second time he needed to provide a urine sample, and he repeated, "I should have been dropped when I came in it's over man."

On October 18, and 28, 2019, Mr. Phillips received facility write-ups for violating a community condition of not returning to the facility in a timely manner. Mr. Phillips returned to the VOA facility 42 minutes on the 18th and 1 hour and 18 minutes late on the 28th. On October 29, 2019, Mr. Phillips received a major program violation of absconding after staff conducted a job check on him. It was discovered he was terminated from his employment for poor attendance on September 20, 2019. Mr. Phillips received a second write-up for refusing a drug test when he returned to the facility that evening. He was called down to the control desk for a drug screen. When he did not report, a staff member located him in the

bathroom with his head almost in a sink full of water. He was barely able to stand on his own.

On October 31, 2019, Mr. Phillips called 911 without staff knowledge and an ambulance and paramedics transported him to Methodist Hospital at approximately 12:10 pm. He was released from the hospital the same day at 12:53 pm. The offender failed to return to the VOA facility, and his current whereabouts is unknown.

4. The parties stipulated that:

   (a) The highest grade of violation is a Grade B violation.

   (b) Defendant's criminal history category is II.

   (c) The range of imprisonment applicable upon revocation of supervised release, therefore, is 6 to 12 months' imprisonment.

5. The parties jointly recommended a sentence of six (6) months with no supervised release to follow.

The Magistrate Judge, having considered the factors in 18 U.S.C. § 3553(a), and as more fully set forth on the record, finds that the Defendant violated the conditions in the petition, that his supervised release should be revoked, and that he should be sentenced to the custody of the Attorney General or his designee for a period of six (6) months with no supervised release to follow. The Defendant is to be taken into custody immediately pending the District Judge's action on this Report and Recommendation.

The parties are hereby notified that the District Judge may reconsider any matter assigned to a Magistrate Judge. The parties waived the fourteen-day period to object to the Report and Recommendation.

Dated: 11/20/2019

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system